## ETHYL CORPORATION v. UNITED STATES.
### No. 47181.

Court of Claims.
Feb. 2, 1948.

Dean P. Kimball, of Washington, D. C. (Paul E. Shorb and M. P. Wormhoudt, both of Washington, D. C., David A. Mitchell, of New York City, and Covington, Burling, Rublee, Acheson & Shorb, of Washington, D. C., on the brief), for plaintiff.

H. S. Fessenden, of Washington, D. C., and Theron Lamar Caudle, Asst. Atty. Gen. (Helen R. Carloss and Andrew D. Sharpe, both of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Justice, and HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges.

JONES, Chief Justice.

The primary question in this case is whether the taxpayer in filing its Federal income tax return for the period January 1, 1939 through April 28, 1939, signified its desire to claim a credit for taxes paid to a foreign country, in compliance with the requirements of Section 131 (a) of the Internal Revenue Code.[1] The applicable section of the Internal Revenue Code in effect for the taxable year 1939 reads as follows:

"Sec. 131 (a) Allowance of credit. If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this chapter shall be credited with:

"(1) Citizen and domestic corporation. In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * *"

The taxpayer was the Ethyl Export Corporation.

On April 28, 1939 the Ethyl Export Corporation was dissolved and its assets and liabilities were taken over by its sole stockholder, Ethyl Corporation.

After being allowed an extension of time Ethyl Export Corporation on September 14, 1940, duly filed with the Collector of Internal Revenue in New York its Federal Income and Excess Profits tax return covering the period January 1, 1939 through April 28, 1939. The amount of the income tax for the period, $55,858.99, plus interest, was paid by the plaintiff on behalf of its dissolved subsidiary.

For the same period the plaintiff or the taxpayer paid or became liable to the British Government for foreign taxes in the sum of $25,921.02.

The payment of these foreign taxes is conceded; that plaintiff was entitled to have a credit of this amount on the taxes paid for the same period in this country is also conceded, provided the taxpayer in filing its return signified its desire to claim such a credit. The plaintiff contends that such intention was signified in the return, and the defendant contends that the return does not signify a desire for such credit.

[1] 53 Stat.Pt. 1, p. 56, 26 U.S.C.A. Int.Rev.Code, § 131.

The taxpayer kept its books and made its Federal income tax returns on an accrual basis. It did part of its business for the period involved in Great Britain.

In the original return the taxpayer inserted the word "none" in Item 34, page 1 of the return, but included the amount of $17,722.76 (the estimated amount of the British taxes) in Schedule P of the return under the item including claims of credit for income taxes paid a foreign country.

The reason assigned by plaintiff for using an estimate rather than the exact amount of the claim was that its representative, Mr. Hill, who prepared the original return, had made certain calculations of his own and was unable to reconcile the amount of taxes shown in letters which he had received from the company's British office with his view of what the British taxes should have been.

An amended return was filed on behalf of Ethyl Export Corporation on May 12, 1944, in which the figure of $25,332.61 was included in Item 34, page 1, under the heading of income taxes paid to a foreign country for which credit is claimed.

Plaintiff as successor to Ethyl Export Corporation filed a timely claim for refund in the sum of $25,332.61.

The Commissioner of Internal Revenue treated the British taxes as a deduction and made allowance on that basis. On June 13, 1946, the Commissioner of Internal Revenue notified plaintiff by registered mail that its claim for refund of $25,332.61 was disallowed to the extent not previously allowed. The difference between treating the taxes as a deduction and as a credit is the sum of $20,407.62, which plaintiff claims was erroneously collected.

When the entire return is construed together we have no doubt that it was the intention to claim the British taxes as a credit. If the word "none" had not been written in Item 34, there would have been no question; in fact, no lawsuit, as the adjustment would have been automatically allowed under the statute. But since it was specifically claimed under Schedule P under the heading of claim for foreign taxes, we are constrained to construe the word "none" as an oversight. Unless this view is taken, then no claim was made for foreign taxes paid, either as a credit or as a deduction. It is inconceivable that the taxpayer did not mean to include any claim whatever on the basis of foreign taxes paid. We find that Ethyl Export Corporation signified in its return its intention to claim the British or United Kingdom income taxes as a credit and not as a deduction in filing its original 1939 Federal income tax return. Buckley, Inc. v. Commissioner, 2 Cir., 158 F.2d 158, 161. This conclusion is strengthened by the fact that in prior years income taxes paid to Great Britain had been taken by the taxpayer as a credit rather than as a deduction.

This finding makes it unnecessary to pass upon whether the plaintiff is entitled to the benefit of its claim under the amended return which was filed at a later date.

There is no doubt that plaintiff had a right to claim and secure allowance as a credit for the foreign taxes paid. When the original return is construed as a whole, and when the other circumstances as set out in our findings and as disclosed by the record are considered, we are not left in any doubt that the taxpayer intended to claim such credit.

Judgment is entered in favor of plaintiff in the sum of $20,407.62, with interest thereon as provided by law.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.